FILED & ENTERED

AUG 28 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

NE OPCO, INC., et al.,

(filed in District of Delaware),

Debtors.

---

PAUL TORRES,

Plaintiff.

vs.

NE OPCO INC, CENVEO CORP, THE GORES GRP LLC, DOES 1-25,

Defendants.

Chapter 11

Case No. 13-11483 (CSS)

(Filed in District of Delaware)

Jointly Administered

Adv. No. 2:14-ap-01121 RK

ORDER GRANTING MOTION TO REMAND CASE TO SUPERIOR COURT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1452(b)

Pending before the court is the motion of Plaintiff Paul Torres (“Plaintiff”) to remand this removed action to the Superior Court of California for the County of Los Angeles. Defendant Cenveo (“Defendant”) removed this action to this court on February 26, 2014. Plaintiff filed its motion to remand the case pursuant to 28 U.S.C. § 1452(b) on March 28, 2014. The motion came for hearing before the undersigned United States Bankruptcy Judge on May 6, 2014. Appearances were made as noted on the record at

the hearing. After the hearing, the parties filed supplemental briefing, which was heard on July 8, 2014.

Defendant purchased assets from NE Opco, Inc. ("NE Opco"), pursuant to a sale order of the United States Bankruptcy Court for the District of Delaware, Christopher S. Sontchi, J. presiding ("Sale Order"). The sale closed on September 16, 2013 ("Closing"). During the pendency of the proceedings of this remand motion. Defendant filed a motion for clarification of the Sale Order in the NE Opco bankruptcy case before Judge Sontchi, seeking a determination that the Sale Order barred Plaintiff's claims in the removed action. On August 8, 2014, Judge Sontchi issued a decision in the NE Opco bankruptcy case which clarified the Sale Order to bar all claims by Plaintiff against Defendant arising before the September 16 Closing ("Delaware Opinion"). The court had continued the hearing and stayed the proceedings relating to the remand motion pending Judge Sontchi's ruling on the Sale Order clarification motion. At this court's request, the parties filed supplemental briefing discussing the effect of the Delaware Opinion on this motion.

Having carefully considered the moving and opposing papers and the arguments of the parties, the court now issues this decision and grants the motion to remand.

Under 28 U.S.C. § 1452(b), the court may remand a removed action to the originating non-bankruptcy forum for any equitable reason. The courts in this judicial district have looked to up to fourteen factors in deciding whether to remand an action to the non-bankruptcy forum pursuant to 28 U.S.C. § 1452(b). *In re Enron Corp.*, 296 B.R. 505, 508 (Bankr. C.D. Cal. 2003); *In re Cytodyn of N.M., Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007). The fourteen factors are: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends remand; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of

severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *Id.*

The first factor (efficient administration) weighs in favor of remand. Plaintiff's Pre-Closing claims against NE Opco may not continue in the removed action pursuant to the Delaware Opinion. This would leave only Cenveo as a defendant in the removed action because the Delaware Opinion bars Plaintiff's Pre-Closing claims against NE Opco, and Plaintiff would have to seek relief from the effect of the Sale Order in the NE Opco bankruptcy case in the Delaware Bankruptcy Court if he intended to assert any Pre-Closing claims. The NE Opco bankruptcy estate will be thus unaffected by Plaintiff's action going forward on any Post-Closing claims in the removed action if it is remanded to state court and there will be no effect on estate administration in the NE Opco bankruptcy case. [1]

The second factor (predominance of state law issues) weighs in favor of remand because Plaintiff's complaint alleges California state law employment discrimination claims. There is no longer a dispute over whether the Sale Order and Bar Order from the Delaware Opinion are defenses. Only California state law issues remain with respect to Post-Closing claims.

The third factor (difficult/unsettled nature of the applicable law) weighs against remand because the employment discrimination action does not involve difficult or unsettled areas of law. While Plaintiff cites *Harris v. City of Santa Monica*, 56 Cal. 4th

[1] Defendant disputes whether Post-Closing claims are properly alleged in the existing complaint, but whether such claims are properly alleged can be contested by Defendant on remand in the state court.

203 (2013) as evidence of unsettled law, the case instead clarified the law and settled the question of whether an employer's mixed motives could be a defense to an employment discrimination claim. There is no other evidence that the law implicated in the complaint is unsettled or difficult. However, the court does not give much weight to this factor. Given the court's determination of the second factor weighing in favor of remand based on the predominance of California state law in the remaining claims, whether the law is unsettled or not is really of little consequence when considering whether in this case the removed action should be remanded to the California trial court to decide claims based on California state law or transferred to the Delaware Bankruptcy Court to decide California state law claims involving non-debtor parties (i..e, Plaintiff and Defendant).

The fourth factor (presence of a related proceeding commenced in state court) weighs in favor of remand. Plaintiff commenced the action in state court. As the court noted in *Cytodyn*, the fact that the action was removed does not mean the court can ignore where it was commenced. *See In re Cytodyn,* 374 B.R. at 739.

The fifth factor (other jurisdictional basis) weighs in favor of remand. There is no basis for jurisdiction other than the "related to" jurisdiction of 28 U.S.C. § 1334. Plaintiff's employment discrimination claims based on state law are not ones "arising in" or "arising under" this court's bankruptcy jurisdiction under 28 U.S.C. § 1334.

The sixth factor (relatedness to the main bankruptcy case) weighs in favor of remand. Plaintiff's employment discrimination lawsuit is a non-core proceeding. Plaintiff's state law claims do not fall under any category of "core" bankruptcy proceedings in 28 U.S.C. § 157(b)(2) and would continue to exist outside the bankruptcy had the action not been removed. *See In re Cytodyn,* 374 B.R. at 740.

The seventh factor (the substance of an asserted "core" proceeding) is inapplicable because this is not a core proceeding.

The eighth factor (feasibility of severing state law claims) weighs in favor of remand. The Delaware Opinion barring pre-Closing claims effectively severs state law

claims from any bankruptcy issues because only the Post-Closing non-bankruptcy claims may proceed.

The ninth factor (the burden on the bankruptcy court's docket) is a neutral factor. Although the action was removed to this court, it is not likely that the court will or should adjudicate the matter because it is apparent (at least to this court) that based on the Delaware Opinion, any Pre-Closing claims are barred by the Sale Order, and Post-Closing claims based on California state substantive law belong in the California trial court rather than this court or the Delaware Bankruptcy Court because the remaining litigants are non-debtor parties litigating claims based on non-bankruptcy law. Whether this case would present a burden on the Delaware Bankruptcy Court's docket would be a matter of speculation by this court.

The tenth factor (forum shopping) is a neutral factor. The court determines that the evidence does not indicate that any party chose his or its respective forum in an attempt to abuse or manipulate the judicial process.

The eleventh factor (right to jury trial) weighs in favor of remand. Plaintiff has requested a jury trial and it appears that based on California state law he has the right to one.

The twelfth factor (presence of nondebtor parties) weighs in favor of remand. The parties to the remaining action based on Post-Closing claims are non-debtor parties (i.e., Plaintiff and Defendant).

The thirteenth factor (comity) weighs in favor of remand because California courts have an interest in adjudicating Plaintiff's California state law claims. The eradication of discrimination in employment is deemed a fundamental public policy of the State of California under California Government Code § 12920.

The fourteenth factor (possibility of prejudice) is neutral. Defendant Cenveo is a Delaware corporation, but all events giving rise to Plaintiff's state law claims occurred in California, Plaintiff and witnesses reside or are based in California, Plaintiff's

documentary evidence is located in California, and Plaintiff has hired local California counsel with expertise in California employment law.

The court determines that the majority of factors for equitable remand under 28 U.S.C. § 1452(b) favor remand. Although the court is cognizant of the admonition of Judge Leif Clark in *In re Schlotzsky's, Inc.,* 351 B.R. 430 (Bankr. W.D. Tex. 2006) regarding the mechanical application of multi-factor tests, the court has evaluated the circumstances of this motion based on the multi-factor tests of *Enron* and *Cytodyn* regarding equitable remand and found this evaluation to be helpful in determining that the removed action should be remanded for equitable grounds. Now that Judge Sontchi has clarified that the Sale Order in the NE Opco bankruptcy case bars Pre-Closing claims (unless Plaintiff obtains relief from the Sale Order), Plaintiff may only pursue Post-Closing claims against Defendant. Those claims are based on acts and events occurring in California and are premised on California state law with the parties and witnesses being generally in California. Going through the multi-factor analysis set forth in *Enron* and *Cytodyn* indicates to this court that the action should be remanded to state court for equitable reasons rather than transferring it to the Bankruptcy Court in Delaware, which has little connection to the Post-Closing claims based on California-centric conduct and law.

Accordingly, the court grants Plaintiff's motion for remand, and this removed action is ordered remanded to the Superior Court of California for the County of Los Angeles.

///

///

By separate order, the court is denying Defendant's motion to transfer the removed action to the Bankruptcy Court for the District of Delaware essentially for the same reasons that the court is granting this motion for remand.

IT IS SO ORDERED.

###

Date: August 28, 2014

Robert Kwan
United States Bankruptcy Judge